**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1268

LAWRENCE VERLINE WILDER, SR.,

Plaintiff - Appellant,

v.

BRENDA J. DAVIS,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(1:97-cv-02509-FNS)

Submitted:  August 25, 2008          Decided:  November 3, 2008

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Lawrence Verline Wilder, Sr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Verline Wilder, Sr., seeks to appeal the district court's order denying his motion to vacate an earlier order denying Wilder's motion to reopen a 1997 civil action. For the reasons that follow, we remand to the district court.

In civil cases, parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). A district court may extend the time to appeal upon a motion filed within thirty days after expiration of the prescribed time and a showing of excusable neglect or good cause. This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on its docket on January 2, 2008. Wilder filed his notice of appeal on February 21, 2008, which was after the thirty-day appeal period expired but before the expiration of the thirty-day excusable neglect period. In his notice of appeal, Wilder stated that, in the event that timeliness was an issue for his notice of appeal, he was "falsely accused and incarcerated in Baltimore County" from January 15, 2008, until February 19, 2008. We liberally construe Wilder's pro se filing as a motion for an extension of time to file his appeal. The district court did not rule on this motion.

Because the notice of appeal was filed within the excusable neglect period and because the district court has not ruled on the

2

motion for an extension, we remand the case to the district court for the limited purpose of enabling the court to determine whether Wilder has shown excusable neglect or good cause warranting an extension of the thirty-day appeal period. The record, as supplemented, will then be returned to this court for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

3